STATE, *ex rel.* ULY O. THOMPSON, v. ROBERT W. DAVIS, as Secretary of the Senate, WELDON G. STARRY, as Chief Clerk of the House of Representatives, and R. A. GRAY, Secretary of State.

170 So. 122.

Opinion Filed October 6, 1936.

*James M. Carson, D. H. Redfearn, R. H. Ferrell, Thomas H. Anderson, H. H. Eyles* and *E. F. P. Brigham,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, *Cockrell & Cockrell, Francis P. Fleming, E. J. L'Engle, L. R. Milton, P. H. Odom, H. T. Cook, Hull, Landis & Whitehair* and *MacWilliams & Upchurch,* for Respondent.

PER CURIAM.—The amended petition for mandamus filed herein on August 6, 1936, is disallowed on the authority of the opinion filed in the companion case of State, *ex rel.*

Landis, v. Thompson, decided this date. See: 125 Fla. 466, 170 Sou. Rep. 464.

To warrant mandamus against legislative officers under the rule laid down in State, *ex rel.* Landis, v. Thompson, 121 Fla. 561, 164 Sou. Rep. 192, the relator must show that the relief sought is necessary to effectuate some right on relator's part that if not so subserved will be lost.

The pleading tendered in this case fails to show that Senate Bill No. 4 (Chapter 17085, Acts of 1935) was not constitutionally passed during the sixty days session of the Legislature even though it was enrolled and signed by the Governor after that time, as alleged. See: State, *ex rel.* Cunningham, v. Davis, 122 Fla. 700, 166 Sou. Rep. 574.

Therefore, since the writ fails to show that the corrections in the legislative records herein sought to be made, if ordered, will be of any benefit to relator, or will operate to subserve any right entitled to be enjoyed by him if Chapter 17085, Acts 1935, was validly passed, the writ if awarded would be fruitless and should be denied on the authority of Davis v. Crawford, 95 Fla. 438, 116 Sou. Rep. 41; State, *ex rel.* Catts, v. Crawford, 72 Fla. 254, 73 Sou. Rep. 588.

Amended mandamus denied.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.